IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rufus Julius Cornelius Anderson, | ) | Civil Action No.: 8:15-4219-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Director of Greenville County Detention | ) | |
| Center, | ) | |
| | ) | |
| Respondent. | ) | |

On October 13, 2015, Petitioner Rufus Julius Cornelius Anderson, ("Petitioner"), proceeding *pro se* and *in forma pauperis,* filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A .  On December10, 2015, the Magistrate Judge prepared a Report and Recommendation, ("the Report"), recommending that this action be summarily dismissed *without prejudice* and without requiring Respondent to file a return, based on *Younger* abstention and failure to exhaust grounds.  (ECF No. 19).  Petitioner filed an Objection to the Report, (ECF Nos. 24 and 27), and the matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's Objection fails to meaningfully counter any of the reasoned determinations of the Magistrate Judge with respect to either of the alternative bases for dismissal of this habeas action and repeatedly seeks to conflate this habeas action with a prior civil lawsuit filed by Petitioner.

Accordingly, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 19), overruling Petitioner's Objection. (ECF Nos. 24 and 27). Petitioner's Motion to Appoint Counsel, (ECF No. 25), is **DENIED**, and this action is **DISMISSED** *without prejudice* and without requiring the Respondent to file an answer or return.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant
> has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability . . . shall indicate which specific
> issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that

reasonable jurists would find this court's assessment of his constitutional claims debatable

or wrong and that any dispositive procedural ruling by the district court is likewise debatable.

*See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

<u>s/Mary G. Lewis</u>
United States District Judge

January 6, 2015
Columbia, South Carolina